FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE BEAUREGARD; SUSAN BEAUREGARD, | No. 11-35731 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-00638-RBL |
| v. | MEMORANDUM[*] |
| LEWIS COUNTY, WASHINGTON; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Eugene and Susan Beauregard appeal pro se from the district court's

judgment dismissing their 42 U.S.C. § 1983 action alleging constitutional

violations in connection with their development of a parcel of land.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). We affirm.

The district court properly dismissed the Beauregards' action because the Beauregards failed to allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (discussing requirements for municipal liability under § 1983); *Johnson*, 113 F.3d at 1117-20 (explaining the requirements of a claim for relief under § 1983, including state actorship).

The district court did not abuse its discretion in denying the Beauregards' request for leave to amend because amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

The district court did not abuse its discretion in granting defendant Lewis County's motion for change of venue. *See* 28 U.S.C. §§ 1391(b) (listing grounds

11-35731

for venue), 1404(a)-(b) (concerning change of venue); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (setting forth standard of review).

The district court did not abuse its discretion in imposing a pre-filing restriction on the Beauregards as vexatious litigants, after giving them notice and an opportunity to be heard, in light of their history of filing similar meritless actions against Lewis County. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007) (per curiam) (setting forth standard of review and factors to be considered before the entry of a pre-filing order against a vexatious litigant).

The district court did not abuse its discretion in denying the Beauregards' motion to set aside the judgment in an earlier federal action. *See Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1082, 1088 (9th Cir. 2001) (setting forth standard of review and noting that motion for relief from judgment on the basis of fraud must be brought within one year of the judgment being attacked).

We do not consider whether the district court's denial of the Beauregards' request for a preliminary injunction was proper because that issue has "merged" with the Beauregards' substantive appeal regarding their claims. *See SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361-62 (9th Cir. 1982).

The Beauregards' request that defendants' attorneys be sanctioned, set forth in their opening brief, is denied.

The Beauregards' motion for sanctions, filed on January 13, 2012, is denied.

**AFFIRMED.**